Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 43 | **DATE** | February 1, 2011 |
| **CASE TITLE** | Timothy Agnew (M-04442) v. M. Randle, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and assesses an initial filing fee of $13.73. The Court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. Plaintiff's failure to comply with this order will result in dismissal of this case without prejudice.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Timothy Agnew (M-04442), currently incarcerated at the Pinckneyville Correctional Center, has brought this 42 U.S.C. § 1983 action against Stateville Correctional Center Warden Marcus Hardy, Stateville Officers Sanders and Abernathy, and former director of the Illinois Department of Corrections M. Randle. Plaintiff contends that the conditions of his confinement while he was at Stateville were unconstitutional. Plaintiff seeks to file his complaint *in forma pauperis* and requests the appointment of counsel.

    Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $13.73. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Pinckneyville authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

| STATEMENT |
|---|

Althogh Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A (a court must conduct a preliminary review of every case filed by an inmate). Plaintiff alleges that he was housed at Stateville's NRC (Northern Reception Center) for a period of time in 2010. Persons entering the Illinois Department of Corrections are usually first housed at Stateville before being assigned to a prison. Plaintiff states that his cell was unclean, had rodents and flies, and had algae growing in the toilet. Allegedly, Plaintiff was given a mattress with a stain on it. Plaintiff states that he complained to Officers Abernathy and Sanders and requested cleaning supplies, but neither did anything.

Plaintiff indicates that he entered Stateville in April 2010, but he provides no indication how long he was housed there before being transferred to another facility. "To satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), he must provide an indication of both place and time. *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). Additionally, when examining a conditions of confinement claim, a court must consider not only the adverse conditions, but also the duration of the inmate's exposure to the conditions. *DeSpain v. Uphoff* 264 F.3d 965, 974-75 (7th Cir. 2001). In order for this court to conduct a preliminary review of the claim, Plaintiff must provide the dates he endured the adverse conditions at Stateville.

Additionally, Plaintiff names M. Randle and Hardy as defendants but does not mention them in his discussion of his claims. Plaintiff thus has not provided Randle and Hardy with notice of the claims being alleged against them. *See* Rule 8(a)(2).

For the reasons stated herein, the Court dismisses the complaint without prejudice to Plaintiff submitting an acceptable complaint. To proceed with this case, Plaintiff must submit an amended complaint that states the dates of his exposure to the conditions he describes and that states how each defendant is associated with the claims being raised. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in dismissal of this case without prejudice.

Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies. Failure to comply with this order will result in dismissal of this case.

*Wm. J. Hibbler*