Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 43 | **DATE** | October 17, 2011 |
| **CASE TITLE** | Agnew v. Hardy | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendants Motion to Dismiss (doc. #22). Defendants are ordered to answer the Complaint on or before November 7, 2011. Status hearing set for November 8, 2011 at 9:30 a.m.

■[ For further details see below.]         Docketing to mail notice.

## STATEMENT

    The Federal Rules of Civil Procedure require notice pleading. Fed. R. Civ. P. 8. Under Rule 8, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A plaintiff can meet this standard with factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotations omitted) (omission in original). In moving to dismiss Plaintiff's claims, Defendants would have the Court disregard this rule.

    Timothy Agnew alleges that the conditions of his confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment. Among other things, Agnew alleges that his cell "was filthy in all respects, namely dirt, rodents, insects, and stuff growing in the toilets." More specifically, Agnew alleges that his mattress emitted a "foul smell" and was infested with a "community of bugs." He attaches a declaration of a fellow inmate who states that he observed Agnew "scratching uncontrollably" to the point that Agnew made himself bleed and that he further observed that Agnew was unable to sleep comfortably. Agnew further alleges that the toilet in his cell houses insects that have bitten him while he has used the toilet and that it is covered in an "indescribable" brown film. Agnew alleges that he has witnessed rats and mice eat his soap and toothpaste and any other edible items in his cell during the night. He alleges that due to the bites of the vermin inhabiting his cell that he has suffered a rash on his body that makes it difficult for him to sleep. In furtherance of this

allegation, Agnew attaches "Offender Outpatient Progress Notes," which identify "multiple large area" of rashes on Agnew's upper thighs and groin that were not previously present. Agnew alleges that the shower facilities he is provided are sufficiently filthy that he must protect himself by covering his feet with a make-shift slipper manufactured from used styrofoam dinner trays.

Inmates are entitled to "minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). This requires, among other things, reasonably adequate sanitation. *Id.* at 493-94; *DeSpain v. Uphoff*, 264 F.3d 965, 974 (7th Cir. 2001). Whether unsanitary conditions amount to a constitutional violations is a highly fact- and context-specific inquiry. *Id.*

Defendants' argument that Agnew has not sufficiently pleaded a basis for his claim is frivolous. Defendants suggest that Agnew never pleads that the infestation of insects, rats or mice was "constant or rampant" and that the vermin did not bite him. Agnew need not exhaustively set forth every minute detail of his pleading. He has pleaded that a "community" of bugs infested his mattress and his toilet, that he witnessed rats and mice multiple times throughout the nights he spent in his cell, and that he has suffered bites and rashes from attacks of the vermin inhabiting his cell. That he did not allege the problem was "constant or rampant" or that the vermin did not bite him is a tortured reading of his complaint at best and, less charitably, an outright falsehood. Defendants further wholly ignore Agnew's allegations regarding the sanitary conditions of his cell. It certainly is plausible to infer that the "indescribable brown film" in his toilet is human waste, which if left uncleaned for 67 days would more than clearly state a constitutional violation. *See Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989); *see also DeSpain*, 264 F.3d at 974 (collecting cases).

The Court DENIES Defendants Motion to Dismiss. Defendants are ordered to answer the Complaint on or before November 3, 2011.

*Wm. J. Hibbler*